ALD-177                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1501

STEPHEN MITCHELL,
                                        Appellant

v.

DEBRA WYDRA; KANDIS DASCANI; SUPERINTENDENTS ASSISTANT

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-01588)
District Judge:  Honorable Edwin M. Kosik

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed : April 27, 2010 )

OPINION

PER CURIAM

    Stephen Mitchell is a Pennsylvania state prisoner currently incarcerated at SCI-

Coal. He is serving a sentence of life without parole, imposed when he was a juvenile.

Planning to challenge the constitutionality of that sentence, Mitchell sought assistance

from a prison paralegal, Appellee Debra Wydra, to prepare a petition for a writ of habeas corpus. Wydra refused to assist Mitchell because he did not meet the criteria outlined in the Pennsylvania Department of Corrections' legal assistance policy. Mitchell filed a grievance based on Wydra's refusal to assist, and it was denied by a grievance officer, Appellee Kandis Dascani. Mitchell's administrative appeals were denied as well.

Mitchell filed the instant civil rights action in August 2008. Therein, Mitchell claimed that the actions of Wydra and Dascani denied Mitchell his constitutional right of access to the courts. Appellees Wydra and Dascani filed a motion to dismiss Mitchell's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court determined that it would be futile to give Mitchell leave to amend his complaint, and it granted Appellees' motion. Mitchell appealed.[1]

Accepting the facts alleged in Mitchell's complaint as true, and drawing all reasonable inferences in his favor, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Mitchell's complaint nonetheless fails to state a viable access to courts claim.

"Although a specific method of access is not mandated, prison practices or regulations are invalid if they can be construed as imposing barriers to such access."

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review is plenary. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). Having granted Mitchell leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Alternatively, we may summarily affirm the District Court's order if Mitchell's appeal fails to present a substantial question. See LAR 27.4; I.O.P. 10.6.

Valentine v. Beyer, 850 F.2d 951, 955 (3d Cir. 1988). Prisoners have a right of access to the courts, not to a law library or to legal assistance. See Para-Professional Law Clinic at SCI-Graterford v. Beard, 334 F.3d 301, 305 (3d Cir. 2003) (citing See Lewis v. Casey, 518 U.S. 343, 350 (1996)). Nevertheless, prisoners must be afforded the availability of either "adequate law libraries or adequate assistance from persons trained in the law," Bounds v. Smith, 430 U.S. 817, 828 (1977), in order to exercise their right of court access. "Prison authorities need not provide both of these, but must provide one or the other . . .." DeMallory v. Cullen, 855 F.2d 442, 446 (7th Cir. 1988).

Here, according to Mitchell's own complaint, SCI-Coal has both a legal assistance program *and* a law library. Mitchell does not allege that the law library is inadequate in any way, or that he is unable to access its materials. Thus, Mitchell's access to courts claim plainly fails under Bounds. To the extent, though, that we can infer from Mitchell's complaint an allegation that his placement in restricted housing has impeded his access to legal materials in the law library,[2] Mitchell's claim fares no better; Mitchell's allegations do not even suggest that Appellees' conduct caused him actual injury, a requirement of a claim asserting a violation of the right of court access. See Lewis, 518 U.S. at 351.

More specifically, Mitchell does not allege that the "shortcomings in the . . . legal assistance program hindered his efforts to pursue a legal claim," id., nor can we

---

[2] "A prisoner's constitutional right of access to the courts is undiminished when that prisoner is held in a segregated unit." Peterkin v. Jeffes, 855 F.2d 1021, 1038 (3d Cir. 1988).

3

reasonably infer that conclusion. To the contrary, by Mitchell's own admission he has filed multiple applications for state post-conviction relief in the Pennsylvania state courts. In addition, Mitchell has filed several (sixteen, by his count) civil suits pro se. See Wilson v. Prasse, 404 F.2d 1380, 1381 (3d Cir. 1968) (per curiam) ("the many civil actions instituted by appellant in the federal and state courts supported the conclusion of the District Court that the contention that appellant had been denied access to the court was frivolous."). Mitchell's allegations thus demonstrate the absence of any prejudice (i.e., actual injury) from Wydra's failure to help Mitchell draft his habeas petition.

Accordingly, because this appeal presents no substantial question, we will summarily affirm the District Court's order.[3]

---

[3] In an abundance of caution, the District Court appears to have gleaned an additional claim from Mitchell's complaint: a constitutional challenge to Mitchell's life sentence. We see no indication from either Mitchell's complaint or his subsequent briefs and motions filed below that Mitchell intended to raise such a claim in this civil action. Instead, the constitutional attack is the intended subject of Mitchell's prospective federal habeas petition.